IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASEY D. MAYER,

     Plaintiff,                    No. CIV S-10-1552 GGH P

    vs.

LOUIS REDIX, et al.,

     Defendants.           ORDER

_____/

      Plaintiff is a federal prisoner proceeding pro se. He seeks relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971),[1] and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. See Docket # 5.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

---

[1] Generally, "a *Bivens* action is the federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983." Hartman v. Moore, 547 U.S. 250, 254 n. 2, 126 S. Ct. 1695 (2006); Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."

1

1   Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $19.95 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

1  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
2  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
3  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.
4  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
5  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
6  Id.

7           In reviewing a complaint under this standard, the court must accept as true the
8  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
9  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
10 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
11 1843 (1969).

12          The complaint states a colorable claim for relief against defendant Louis Redix[2]
13 pursuant to Bivens, supra, and 28 U.S.C. § 1915A(b).

14          As to the remaining defendants, Ross Quinn, Louis Sterling, Angel Ortiz, Cathy
15 Garrett, Eduardo Ferriol and Roberto Acausta, plaintiff fails to link these individuals to the
16 claims of inadequate medical care that he makes.  Plaintiff's claim against defendant Redix is
17 colorable because he links that individual to the July 22, 2008 operation of which he complains.
18 Complaint, p. 6.  However, with regard to claims of inadequate post-operative care or of
19 otherwise being subjected to deliberate indifference of a serious medical condition, plaintiff does
20 not identify which individual defendants were allegedly responsible, for example, for the claimed
21 delay in removal of the metal rod in his shoulder which plaintiff avers caused him prolonged
22 extreme pain.  Id., at 4.
23 \\\\\
24

---

25   [2] There is some confusion as to this defendant's name as plaintiff has named this
     individual "Louis Redix" in the caption of his complaint and a portion of his complaint, but has
26   also identified him "Redix Louis" within the body of his allegations (see pp. 1, 3, 6).

1    When a plaintiff seeks to hold individual defendants personally liable for damages
2 .... "[t]he prisoner must set forth specific facts as to each [] defendant's deliberate indifference."
3 Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).  As to plaintiff's claims for money damages,
4 defendants Ross Quinn, Louis Sterling, Angel Ortiz, Cathy Garrett, Eduardo Ferriol and Roberto
5 Acausta will be dismissed but plaintiff will be granted leave to amend.
6    In order to state a civil rights claim for violation of the Eighth Amendment based
7 on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to
8 evidence deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106,
9 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were
10 objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson
11 v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853
12 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate
13 indifference."  Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).
14    A serious medical need exists if the failure to treat a prisoner's condition could
15 result in further significant injury or the unnecessary and wanton infliction of pain.  Indications
16 that a prisoner has a serious need for medical treatment are the following:  the existence of an
17 injury that a reasonable doctor or patient would find important and worthy of comment or
18 treatment; the presence of a medical condition that significantly affects an individual's daily
19 activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900
20 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01
21 (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other
22 grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).
23    In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court
24 defined a very strict standard which a plaintiff must meet in order to establish "deliberate
25 indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978.
26 However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense – subjective standard – disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981. If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981. However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-

1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061. Superimposed on these Eighth Amendment standards is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988).

      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1  Plaintiff has requested the appointment of counsel. The United States Supreme
2  Court has ruled that district courts lack authority to require counsel to represent indigent
3  prisoners in § 1983 cases.[3] Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In
4  certain exceptional circumstances, the court may request the voluntary assistance of counsel
5  pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);
6  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court
7  does not find the required exceptional circumstances. Plaintiff's request for the appointment of
8  counsel will therefore be denied.

9  Accordingly, IT IS HEREBY ORDERED that:

10  1. Plaintiff's request to proceed in forma pauperis is granted;

11  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
12  Plaintiff is assessed an initial partial filing fee of $19.95. All fees shall be collected and paid in
13  accordance with this court's order to the Federal Correctional Instutution in Herlong, California
14  filed concurrently herewith.

15  3. Plaintiff's claims against defendants Quinn, Sterling, Ortiz, Garrett, Ferriol and
16  Acausta are dismissed for the reasons discussed above, with leave to file an amended complaint
17  within twenty-eight days from the date of service of this Order. Failure to file an amended
18  complaint will result in a dismissal of these defendants.

19  4. Upon filing an amended complaint or expiration of the time allowed therefor,
20  the court will make further orders for service of process upon some or all of the defendants.

21  \\\\\
22  \\\\\
23  \\\\\

---

[3] "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under...42 U.S.C. § 1983.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). See also, Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S.Ct. 1999 (1971).

      5.  Plaintiff's request for the appointment of counsel, filed June 24, 2010 (Docket # 4) is denied.

DATED: August 11, 2010

      /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
maye1552.b1