IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASEY D. MAYER,

      Plaintiff,                              No. CIV S-10-1552 GGH P

    vs.

LOUIS REDIX, et al.,

      Defendants.                      <u>ORDER</u>

_____/

        On February 2, 2010, the undersigned filed findings and recommendations with respect, inter alia, to the federal defendants' motion to dismiss. Subsequently, however, the federal defendants consented to the jurisdiction of the undersigned. The other parties having previously consented, by order filed on February 15, 2012, the district judge recommended reassignment to the undersigned for all proceedings, which reference was accepted. Therefore, the findings and recommendations of February 2, 2010, are deemed, nunc pro tunc, the order of this court and the Clerk of the Court will be instructed to so note the modification in the docket of this case.

        The federal defendants, on February 8, 2012, filed a motion for reconsideration of a portion of the February 2, 2012, order. On February 17, 2011, plaintiff sought a twenty-one day extension of time to file objections to what were then the Findings and Recommendations.

1

1  As these findings and recommendations have since been deemed the order of this court, the
2  undersigned will construe the request as one for an extension of time to file a response to
3  defendants' motion for reconsideration.  In filing their motion for reconsideration, the federal
4  defendants provided plaintiff with notice that he had twenty-one days to file his opposition.
5  Therefore, prior to any extension of time, plaintiff's opposition would be due on February 29,
6  2012.  The court will grant plaintiff a further extension of time until March 14, 2012, to file any
7  opposition.

8        In the order, the June 17, 2011, motion to dismiss by the federal defendants was
9  granted in part and denied in part.  The motion was altogether denied as to plaintiff's Bivens
10 claims against defendants Quinn and Sterling at FCI-Victorville.  The motion was denied as to
11 defendants Garrett, Ferriol and Acosta at FCI-Safford only as to those claims for an Eighth
12 Amendment violation up to the date of plaintiff's second surgery on September 1, 2009.  The
13 motion was granted as to plaintiff's Eighth Amendment claims against defendants Garrett,
14 Ferriol and Acosta for plaintiff's having failed to exhaust his administrative remedies as to his
15 claims arising after the September 2009 second surgery, granted as to plaintiff's Bivens claims
16 against individual defendants in their official capacity, granted as to plaintiff's claims for
17 prospective injunctive relief, granted as to plaintiff's Fourteenth Amendment claims and granted
18 as to plaintiff's medical malpractice claims brought under the FTCA for lack of subject matter
19 jurisdiction and all of these claims were dismissed.  Further, the motion was denied to the extent
20 defendants sought dismissal for improper venue but granted to the extent the remaining
21 individual defendants sought transfer of this case to the Central District of California.  Finally,
22 defendant Redix was found to be in default and the Clerk was directed to file what were then the
23 findings and recommendations upon him at the address for him provided at docket # 25 and #26.
24       Accordingly, IT IS ORDERED that:
25       1.  All parties having consented to the jurisdiction of the undersigned and in light
26 of the order, filed on February 15, 2012, the instant case now proceeds before the undersigned for

1. all purposes;

2. The Order & Findings and Recommendations, filed on February 2, 2012 (docket #39) are now deemed, nunc pro tunc, simply the Order of this Court;

3. Plaintiff's motion for an extension of time to file objections, now properly construed as a request for an extension of time to file an opposition to the federal defendants' motion for reconsideration of the February 2, 2012, order, is granted in part and plaintiff must file any opposition to the reconsideration motion by no later than March 14, 2012, after which, due to the exigencies of the court's calendar, the motion will be deemed submitted.

4. The Clerk of the Court is directed to serve the defaulting defendant Redix with a copy of this order at the address provided for him at docket # 25 and #26.

DATED: February 24, 2012

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
maye1552.ord