1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CASEY D. MAYER,

11              Plaintiff,                    No. CIV S-10-1552 GGH P

12       vs.

13   LOUIS REDIX, et al.,

14              Defendants.                   ORDER

15   _____/

16   Introduction

17              In an amended Order, filed on February 28, 2012, the originally filed Findings and

18   Recommendations, filed on February 2, 2012, were deemed, nunc pro tunc, to be the Order of

19   this court.[1]  In the February 28th Order, plaintiff was granted until March 14, 2012, to file an

20   extension of time to the motion for reconsideration filed by the federal defendants on February 8,

21   2012, after which the motion was to be deemed submitted.  See docket # 46.  Thereafter, by

22   Order, filed on March 23, 2012, plaintiff's subsequent motion for an extension of time to file a

23   response to the defendants' motion for reconsideration was granted to the extent that plaintiff's

24   response to the reconsideration motion, filed on March 19, 2012, was deemed timely filed.  In an

25   _____

26       [1] See Order, filed on February 15, 2012 (docket # 43), where this case was reassigned for
     all proceedings to the undersigned.

                                              1

objection, filed on March 22, 2012, defendants take issue with that portion of plaintiff's filing

that is denominated "objections to the findings and recommendations, " and is addressed to other

portions of the court's order not raised by defendants in their motion for reconsideration.

Defendants are correct that plaintiff was not authorized to posit objections to the court's order

but rather was only granted additional time to respond to defendants' motion for reconsideration,

after which the matter was to be submitted.  The court would have to construe the so-called

"objections," filed in combination with his response to defendants' motion, as a separate motion

for reconsideration brought by plaintiff and as the court has previously stated that the matter

would be deemed submitted upon plaintiff's filing of a response to defendants' reconsideration

motion, this would clearly prejudice plaintiff.  Therefore, defendants' objection to that portion of

plaintiff's March 19, 2012, filing that does not address defendants' motion but instead purports

to raise objections to the court's February 2, 2012 order is disregarded.

       In the court's Order, filed on February 2, 2012,[2] the June 17, 2011, motion to

dismiss by the federal defendants was granted in part and denied in part.  The motion was

altogether denied as to plaintiff's Bivens claims against defendants Quinn and Sterling at FCI-

Victorville.  The motion was denied as to defendants Garrett, Ferriol and Acosta at FCI-Safford

only as to those claims for an Eighth Amendment violation up to the date of plaintiff's second

surgery on September 1, 2009.  The motion was granted as to plaintiff's Eighth Amendment

claims against defendants Garrett, Ferriol and Acosta for plaintiff's having failed to exhaust his

administrative remedies as to his claims arising after the September 2009 second surgery; granted

as to plaintiff's Bivens claims against individual defendants in their official capacity; granted as

to plaintiff's claims for prospective injunctive relief; granted as to plaintiff's Fourteenth

Amendment claims and granted as to plaintiff's medical malpractice claims brought under the

FTCA for lack of subject matter jurisdiction and these claims were dismissed.  Further, the

---

[2] Again, by reference to the amended Order, filed on February 28, 2012 at docket # 46.

1  motion was denied to the extent defendants sought dismissal for improper venue but granted to

2  the extent the remaining individual defendants sought transfer of this case to the Central District

3  of California.  Finally, defendant Redix was be found to be in default and the Clerk was directed

4  to serve the defaulting defendant Redix with a copy of the order at the address provided for him

5  at docket # 25 and #26.  See docket # 39[, # 45] & # 46.

6  Motion for Reconsideration

7              *Standards For Motions To Reconsider*

8              Although motions to reconsider are directed to the sound discretion of the court,

9  Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

10 considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j)

11 requires that a party seeking reconsideration of a district court's order must brief the "new or

12 different facts or circumstances [which] were not shown upon such prior motion, or what other

13 grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

14 provides that the decisions on legal issues made in a case "should be followed unless there is

15 substantially different evidence . . . new controlling authority, or the prior decision was clearly

16 erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d

17 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.

18 denied, 475 U.S. 1064 (1986).

19             Courts construing Federal Rule of Civil Procedure 59(e), providing for the

20 alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle

21 permitting the unsuccessful party to "rehash" arguments previously presented, or to present

22 "contentions which might have been raised prior to the challenged judgment."  Costello v. United

23 States, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260,

24 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa.

25 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling resources and

26 promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

In the instant action, the federal defendants take issue with that portion of the court's order denying their motion to dismiss plaintiff's <u>Bivens</u> claims as to defendants Garrett, Ferriol and Acosta at FCI-Safford for an Eighth Amendment violation in the form of inadequate medical care following his July 22, 2008, shoulder surgery up to the date of the second surgery on September 1, 2009. <u>See</u> Motion to Reconsider, p. 1. Defendants note that the court had denied the motion related to Appeal # 540693 for two reasons, that prison officials had apparently failed to follow their own regulations with regard to response times for the processing of administrative appeals and that no further administrative relief was available when he received the corrective surgery he sought. Motion, p. 2, citing Order at 11-12.

Defendants, however, argue that evidence in the record confirms that the warden received the subject appeal on May 29, 2009, not on March 27, 2009, and that the June 11, 2009, response by the warden was therefore timely. Motion, p. 2. Defendants maintain that the actual date referenced for plaintiff's appeal in the response itself, March 27, 2009, was evidently a typographical error. <u>Id.</u> Defendants point to the evidence that the court itself noted in its order that the grievance to which the warden was responding was dated May 27, 2009 (received on May 29, 2009). <u>See</u> <u>Order</u> at docket # 39, p. 7. Therefore, defendants contend, the June 11, 2009, response was timely as made within the 20 day period for the warden's response in accordance with the applicable BOP regulation. Motion, p. 2, citing <u>Order</u> at 7-8 & footnotes 6 through 8, as well as Schuh Dec., in support of Motion to Dismiss, Exs. C-2, D-2 (cited in the <u>Order</u>). Defendants contend that BOP records show that no appeal by plaintiff was filed from December 2008 through April 2009, citing Schuh Dec. Ex. C-2 (SENTRY administrative remedy generalized retrieval print-out showing only appeal to be the one received on May 29, 2009). What defendants do not do is indicate why they failed to point out earlier that the March 27, 2009, date that they now contend is a typographical error was erroneously recorded in the warden's response. Nor do they present any new evidence such as a declaration from the warden or a designee that the date was erroneously recorded. While the court previously acknowledged

that the appeal referenced was dated by plaintiff as signed on May 27, 2009, Schuh Dec., Ex. D-1, the undersigned also noted the content of the administrative remedy request itself, wherein plaintiff stated that this appeal was a continuation of one originally filed on a BP-8 form on Jan. 26, 2009, with the first portion of a BP-10 filed in March [2009], but was notified on May 22, 2009, that both these requests had been lost, hence the appeal at issue, asking for his "debilitating pain" to be relieved.

In his response to defendants' motion, plaintiff now includes what appears to be his BP-8 form request, dated Jan. 26, 2009, wherein plaintiff stated that "first and for[e]most another surgery needs to happen" and wherein he also sought a prescribed shoulder brace and more effective pain medication.  Plaintiff's Response, docket # 48, p. 3 & Exhibit A, pp. 12-13. It is true that plaintiff had not claimed he had filed a request with the warden in March 2009, but rather in February 2009, as the court noted in its order (p. 8).  However, defendants' motion does not speak to plaintiff's contentions that he was told that two of his requests had been lost, the January, 2009, request for which he has now submitted some evidence, and some form of a request in March, 2009.[3]

Even if the court were to amend its order to find that the date the warden intended to reference in his appeal response to Appeal # 540693 was May, and not March, 27, 2009, that does not demonstrate that plaintiff failed to exhaust his administrative remedies because plaintiff claims that while he was awaiting a response to his June 28, 2009, appeal to the regional director, the corrective surgery was performed.  It is not ultimately germane in this instance that plaintiff would have been required to proceed to the next level in seeking an administrative remedy whether or not the warden's response were deemed timely because plaintiff did proceed to the

---

[3] Plaintiff in his response includes an unauthenticated and undated document which appears to be a response to some inquiry by plaintiff wherein it is asserted that the only request that had been submitted was on February 5, 2009, regarding co-pay waivers, which may be intended to be a document from which it could be inferred that his January and March, 2009, requests had been lost.  Docket # 48, Exhibit A, p. 14.

next level, having filed a BP-10 to the regional director.  Defendants note that the court found

that plaintiff received a timely response to his appeal to the regional director on July 24, 2009.

Motion, p. 4, citing Orders at 8, n. 11; Schuh Decl. Ex. D-4.  This response informed plaintiff he

could appeal to the OGC (Office of General Counsel) in thirty days, which would mean by Aug.

23, 2009, in order to have exhausted his administrative remedies through the final level of

appeal, one week before he received the surgery he had been seeking on September 1, 2011.[4]

However, this is not persuasive.  Defendants contend that the cases cited by the court concern

only failure to exhaust through the final level of appeal, but defendants do not address Brown v.

Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005), and do not explain what possible administrative

remedy remained available for plaintiff beyond the corrective surgery for which he had been

scheduled.  Defendants' argument for technical form over substance of any kind is not well-taken

and the court, upon reconsideration, will affirm its order.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Upon the federal defendants' motion for reconsideration, filed on February 8,

2012 (docket # 41)), this court has considered the motion and plaintiff's response thereto, and

upon reconsideration, this court's Order of February 2, 2012, is affirmed;

    2.  In accordance with that order, this action proceeds only as to plaintiff's Bivens

claims against defendants Quinn and Sterling at FCI-Victorville, and as to defendants Garrett,

Ferriol and Acosta at FCI-Safford only as to those claims for an Eighth Amendment violation up

to the date of plaintiff's second surgery on September 1, 2009; defendant Redix has been found

to be in default, and

---

  [4] In his response to the motion, plaintiff points to the Schuh declaration (in support of defendants' motion to dismiss) wherein at ¶ 6(c), it was noted that plaintiff had sent another appeal regarding pain medication to the regional director which was rejected because it had been filed at the wrong level and should have been filed with the OGC.  Plaintiff's point appears to be that that filing was received on August 10, 2009, which had it been properly addressed would have been a timely appeal as it would have been filed thirteen days before the August 23, 2009, deadline for filing such an appeal.  Docket # 48, pp. 4-6.

1          2.  This action is transferred to the United States District Court for the Central

2   District of California.

3   DATED: March 29, 2012

4                                          /s/ Gregory G. Hollows
                                   UNITED STATES MAGISTRATE JUDGE

5   GGH:009
    maye1552.rcn

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26